```
             UNITED STATES DISTRICT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:06-00114

**WHITE BUCK COAL COMPANY**


<u>MEMORANDUM OPINION AND ORDER</u>

The court is in receipt of a stipulation by the parties filed November 27, 2006.

The stipulation notes the court's suggestion that the parties seek agreement on whether certain pleadings and related documents should remain under seal. The stipulation provides additionally as follows:

> The parties hereby stipulate and agree that all pleadings and related documents previously filed and lodged with the Court in connection with Motions to Seal, except pleadings filed ex parte, may be unsealed without objection from either party.

(Stip. at 1).[1]

The court notes a number of pretrial motions and briefs remain under seal in this action, primarily because they contain references to grand jury testimony. The court additionally notes

---

[1] To date, the only ex parte filings in the case appear to be two requests by the government for permission to release grand jury testimony.

that the "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."  Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). Balanced against this important principle, however, is the equally weighty concern of grand jury secrecy.  Fed. R. Crim. P. 6(e); Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 219 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.").  This secrecy is essential to the proper functioning of the grand jury system. Id.

It is the court's desire in this unusual situation to fashion an approach that will protect the public's ability to follow the events in this action while not at the same time undermining the salutary purposes underlying grand jury secrecy. By their stipulation, the parties have suggested that secrecy is no longer required.  Indeed, from the government's standpoint, the stipulation may reflect a decision to comply with Department of Justice guidelines, discussed by some of the principal commentators on the grand jury process.

> [A] motion, response, brief or order containing grand
> jury material should be placed under seal. . . . [The

2

>Department of Justice] advises prosecutors to seek a Rule 6(e)(3)(E)(I) order permitting the limited disclosure of grand jury material for the purpose of resolving pre-trial issues, an option defense counsel can also utilize.

Susan W. Brenner et al., *Federal Grand Jury: A Guide To Law And Practice* § 9.13.4 (2006) (citing United States Dep't of Justice, Federal Grand Jury Practice 203 (1993)).

A stipulation by the government and the defendant alone, however, does not end the matter for purposes of Rule 6(e) in view of the manifold purposes behind the secrecy requirement. Those purposes were mentioned in *Douglas Oil*:

>We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

3

**Douglas Oil Co. of Cal. v. Petrol Stops Northwest**, 441 U.S. 211, 218-19 (1979).[2]  The same decision recognizes as well that "a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion."  Id. at 223.

The foregoing excerpt suggests further information is necessary in order to permit the court to exercise its discretion.  At a minimum, those individuals testifying before the grand jury should properly be given an opportunity to object, if they so desire, to their public identification and a release of the substance of their testimony.  Prior to definitively resolving the matter of continued sealing, then, the court ORDERS as follows:

1. That the government be, and it hereby is, directed to ascertain the identities of those individuals whose grand jury testimony would be made public as a result of an unsealing order;

2. That the government further be, and it hereby is, directed to contact the identified individuals, or

---

[2] It is the court's understanding that the grand jury materials currently proposed for unsealing do not identify the members of the grand jury.  If the situation is otherwise, counsel should so inform the court forthwith.

**4**

      their lawyers if they are or were represented by counsel, no later than December 6, 2006, and ascertain whether they desire to be heard concerning the disclosure of that portion of their grand jury testimony that has been presented to the court for sealing; and

3. That any identified individuals who desire to be heard be further advised by the government that they must respond in writing to the court with their concerns, seeking a sealing order if they so desire, no later than December 13, 2006.

Following the receipt of this additional information, the court will address anew the matter of continued sealing.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: November 29, 2006

_____
John T. Copenhaver, Jr.
United States District Judge