UNITED STATES DISTRICT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

REDACTED VERSION

**UNITED STATES OF AMERICA**

**v.          CRIMINAL ACTION NO. 2:06-00114**

**WHITE BUCK COAL COMPANY**


MEMORANDUM OPINION AND ORDER

**Pending are (1) defendant's motions (a) to seal its motion to dismiss the indictment for prejudicial pre-indictment delay, memorandum of points and authorities in support of its motion to dismiss the indictment for prejudicial pre-indictment delay, motion in limine to exclude evidence, and memorandum of points and authorities in support of its motion in limine to exclude evidence, filed October 4, 2006,[1] (b) to seal its supplement to its motion to dismiss the indictment for prejudicial pre-indictment delay, filed October 11, 2006, (c) to seal its reply to the government's responses to its motion to dismiss the indictment for prejudicial pre-indictment delay and motion in limine to exclude evidence, filed October 13, 2006, (d) to seal its motion in limine to exclude evidence of alleged offenses other than those charged, filed October 20, 2006, (e) to**

---

[1]The referenced motion, appearing as docket entry number 41, also appears to encompass duplicative motions to seal at docket entry numbers 42-45.

seal its memorandum of points and authorities in support of its motion in limine to exclude evidence of alleged offenses other than those charged, filed October 20, 2006, (f) to seal its motion to dismiss the superseding indictment, filed October 27, 2006, and (g) to seal its second supplement in support of its motion to dismiss the indictment for prejudicial pre-indictment delay, and (2) the government's motions (a) to seal its response to the defendant's motion to dismiss the indictment for prejudicial pre-indictment delay, filed October 11, 2006,[2] (b) to seal its response to defendant's motion in limine to exclude evidence, and (c) to seal its response to defendant's motion in limine to exclude evidence of alleged offenses other than those charged, filed November 27, 2006.

The court is in receipt of a stipulation by the parties filed November 27, 2006.  The stipulation notes the court's suggestion that the parties seek agreement on whether certain pleadings and related documents should remain under seal.  The stipulation provides additionally as follows:

> The parties hereby stipulate and agree that all
> pleadings and related documents previously filed and
> lodged with the Court in connection with Motions to

---

[2]A duplicate motion to seal this same filing appears on the docket at entry number 53.

> Seal, except pleadings filed ex parte, may be unsealed without objection from either party.

(Stip. at 1).[3]

In its November 29, 2006, memorandum opinion, the court noted the tension existing between the public right of access to court documents and the equally compelling secrecy concerns surrounding the proper function of the grand jury process. Compare Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000) (noting the "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."), with Fed. R. Crim. P. 6(e); Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 219 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.").

The court additionally noted the multifaceted purposes underlying grand jury secrecy, as stated in Douglas Oil:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we

---

[3] To date, the only ex parte filings in the case appear to be two requests by the government for permission to release grand jury testimony. Those filings shall remain under seal.

> have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

Douglas Oil, 441 U.S. at 218-19.[4]

To facilitate the exercise of its discretion, the court directed the government to (1) ascertain the identities of those individuals whose grand jury testimony would be made public as a result of an unsealing order; (2) contact the identified individuals, or their lawyers if they are or were represented by counsel, to ascertain whether they desired to be heard concerning the disclosure of that portion of their grand jury testimony that has been presented to the court for sealing, and (3) advise any identified individuals who desire to be heard further that they

---

[4]The government has confirmed at the court's request that the grand jury materials currently proposed for unsealing do not identify the members of the grand jury.

would be required to respond to the court in writing with their concerns.

The affected grand jury witnesses are (1) ███████ ███████, (2) Hansford Copen, Jr., (3) ███████████████, (4) James G. Jones, (5) ████████████, (6) ███████████████, and (7) James Starcher.  The government responded by identifying the affected grand jury witnesses and noting the position of each concerning the matter of unsealing.  Neither Jones nor Starcher object to an unsealing order.  Copen states in writing that he does not wish to be heard on the matter.  ███████, ███████, ███████, and ██████████ each object to unsealing.  None of these witnesses state the reasons for their decision, noting only that they wish the seal to remain in place.

The sole concern among those witnesses seeking a continuing sealing order appears to be their public identification as having participated in the investigation.  Although this concern is not one of those mentioned explicitly in <u>Douglas Oil</u>, it follows from the Supreme Court's discussion that such a concern might impact the proper functioning of the grand jury process.  If witnesses fear their identities will one day be made public, it may impact the degree to which they testify voluntarily and forthrightly.

5

In view of this valid concern, and the ability to fashion a procedure that protects the public right of access, the court ORDERS that the identities of ████, ██████, █████, and ████████ be, and they hereby are, to remain under seal. The court further ORDERS as follows:

1. That the parties be, and they hereby are, directed no later than February 1, 2007, to review the non-<u>ex parte</u> filings they have submitted respectively to date for sealing and redact any and all identifying information therein relating to ████, ██████, █████, and ████████[5]; and

2. That the parties be, and they hereby are, directed no later than February 5, 2007, to assemble the redacted materials into a jointly prepared volume of materials to be filed with the Clerk and available for public inspection.

---

[5]The court recognizes that, in order to maintain the identified witnesses' anonymity, some alterations to paragraph and section headings may be necessary. The parties are given leave to make these and any other non-substantive modifications to their filings as necessary to assure anonymity. If concerns arise as to the suitable method for particular redactions, the parties may move the court for guidance as necessary.

6

**The Clerk is directed to forward copies of this redacted, written opinion and order to the defendant and all counsel of record.**

DATED:  January 19, 2007

_____
John T. Copenhaver, Jr.
United States District Judge

7