

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *United States Courthouse*<br>*300 Virginia Street, East*<br>*Charleston, WV 25301*<br>FAX: (304) 347-5104 | *Mailing Address*<br>*Post Office Box 1713*<br>*Charleston, WV 25326*<br>*(304) 345-2200*<br>*1-800-659-8726* |

February 14, 2007



FILED
FEB 2 1 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Neva G. Lusk, Esquire
P.O. Box 273
Charleston, WV  25321-0273

Robert D. Luskin, Esquire
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037

      Re:  United States v. White Buck Coal Company
           Criminal No.  2:06-00114(USDC SDWVa)

Dear Ms. Lusk:

    This will confirm our conversations with regard to your client White Buck Coal Company (hereinafter "White Buck").  As a result of these conversations, it is agreed by and between the United States and White Buck as follows:

    1.  **PENDING CHARGES.**  White Buck is charged in a two-count second superseding indictment as follows:

        (a)  Count One charges White Buck with a violation of 30 U.S.C. § 820(f) (false statement); and

WHITE BUCK COAL COMPANY

By: _Larry M. Rupp_             _2-21-07_
    Its President                Date Signed

_Neva G. Lusk_             _Feb. 21, 2007_
NEVA G. LUSK               Date Signed
Counsel for Defendant

_Robert D. Luskin_          _February 21, 2007_
ROBERT D. LUSKIN           Date Signed
Counsel for Defendant

Neva G. Lusk, Esquire
February 14, 2007
Page 2                              Re: White Buck Coal Company

    (b)    Count Two charges White Buck with a violation of 30 U.S.C. § 820(d) (wilful violation of mandatory safety standard).

  2.  **RESOLUTION OF CHARGES.** White Buck will plead guilty to a violation of 30 U.S.C. § 820(d) (wilful violation of mandatory safety standard) as charged in Count Two of said indictment. Following final disposition regarding White Buck, the United States will move the Court to dismiss the charge contained in Count One against White Buck with prejudice. The parties agree that the factual basis for the plea is as set forth in the attached Agreed Statement of Facts.

  3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which White Buck will be exposed by virtue of this guilty plea is as follows:

    (a)    A fine of $200,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (b)    A five-year term of probation; and

    (c)    A mandatory special assessment of $125 pursuant to 18 U.S.C. § 3013.

  4.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, White Buck will tender a check or money order to the Clerk of the United States District Court for $125, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the

WHITE BUCK COAL COMPANY

By: _____          2-21-07
         Its President                                   Date Signed

_____                 Feb. 21, 2007
NEVA G. LUSK                                           Date Signed
Counsel for Defendant

_____                 February 21, 2007
ROBERT D. LUSKIN                                    Date Signed
Counsel for Defendant

Neva G. Lusk, Esquire
February 14, 2007
Page 3                              Re: White Buck Coal Company

Court at sentencing. White Buck will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. Failure by the defendant to provide proof of payment of the special assessment prior to or at the plea proceeding will automatically void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to White Buck.

    5.   **PAYMENT OF MONETARY PENALTIES.** White Buck agrees not to object to the District Court ordering all monetary penalties (including the special assessment and fine) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, White Buck further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.   **APPEAL OF FINE.** The United States and White Buck agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the statutory limits set forth in paragraph 3 above.

    7.   **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States and White Buck agree that neither party shall make any representation inconsistent with the statements contained in the attached Agreed Statement of Facts. The United States reserves the right to:

WHITE BUCK COAL COMPANY

By: _____                    2-21-07
        Its _____ President                        Date Signed

_____                    Feb. 21, 2007
NEVA G. LUSK                                         Date Signed
Counsel for Defendant

_____                    February 21, 2007
ROBERT D. LUSKIN                                     Date Signed
Counsel for Defendant

Neva G. Lusk, Esquire
February 14, 2007
Page 4                          Re: White Buck Coal Company

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Address the Court with respect to the nature and seriousness of the offense;

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of White Buck;

    (f)   Advise the Court concerning the nature and extent of White Buck's cooperation; and

    (g)   Address the Court regarding the issue of White Buck's acceptance of responsibility.

8. **VOIDING OF AGREEMENT**. If either the United States or White Buck violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

9. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and White Buck in this matter. The United States has made certain written representations regarding its position on certain sentencing issues, and it will provide the Court and the Probation Office with a copy of those written representations. There are no agreements, understandings or recommendations as to any other

WHITE BUCK COAL COMPANY

By: _____
    Its _____ President

_____
NEVA G. LUSK
Counsel for Defendant

_____
ROBERT D. LUSKIN
Counsel for Defendant

2-21-07
Date Signed

Feb. 21, 2007
Date Signed

Feb. 21, 2007
Date Signed

Neva G. Lusk, Esquire
February 14, 2007
Page 5                                    Re: White Buck Coal Company

pending or future charges against White Buck in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                              CHARLES T. MILLER
                              United States Attorney

                         By:  /s/ Hunter P. Smith Jr.
                              HUNTER P. SMITH JR.
                              Assistant United States Attorney

HPS/das

I hereby acknowledge by my signature at the bottom of each page of this five-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.

WHITE BUCK COAL COMPANY

By: /s/ Larry Ward                              2-21-07
    Its President                               Date Signed

/s/ Neva G. Lusk                                Feb. 21, 2007
NEVA G. LUSK                                    Date Signed
Counsel for Defendant

/s/ Robert D. Luskin                            March 21, 2007
ROBERT D. LUSKIN                                Date Signed
Counsel for Defendant

## AGREED STATEMENT OF FACTS

1. White Buck Coal Company ("White Buck") operates a coal mine in Leivasy, West Virginia, known as "Grassy Creek Number 1" mine, which is engaged in interstate commerce ("the mine").

2. In June 2002, White Buck operated a maintenance shift at the mine, also known as the "Third Shift," that was scheduled to begin at approximately 11:00 p.m. White Buck assigned Mr. William Edwin Wine, a foreman, to conduct preshift examinations of the mine prior to the Third Shift in accordance with federal law.

3. Mr. Wine, at all times, was appropriately trained and certified with respect to applicable safety standards; specifically, Mr. Wine was trained and certified to conduct preshift examinations in accordance with federal law, was competent to conduct such examinations and was aware of White Buck's duty to conduct such examinations under federal law.

4. On the night of June 27, 2002, Mr. Wine had the responsibility to conduct a preshift examination of the mine prior to the entry of miners into the mine for the Third Shift.

5. At approximately 8:45 p.m. on June 27, 2002, two inspectors from the Mine Safety and Health Administration ("MSHA") appeared at the mine to conduct an inspection of the mine and to review the company's records. In the course of their inspection of the mine that night, the inspectors discovered that Mr. Wine did not enter the mine to commence his inspection of the mine that night until approximately 10:50 p.m. In addition, the inspectors learned that Mr. Wine took with him into the mine Mr. Steve Fields, a member of the Third Shift crew who was not certified to conduct preshift examinations. Under applicable federal law, Mr. Fields was not permitted to enter the mine or work prior to the completion of a preshift examination.

6. At approximately 11:00 p.m., the MSHA inspectors ordered the crew of the Third Shift to remain outside of the mine while the inspectors entered the mine to interview Mr. Wine. Once inside the mine, the inspectors found Mr. Wine and Mr. Fields and verified that the preshift examination had not been completed.

4852581

7.  Mr. Wine knew that Mr. Fields' entry into the mine prior to the completion of the preshift examination was contrary to federal law.

8.  At the time that Mr. Wine took Mr. Fields into the mine prior to completing a preshift examination, Mr. Wine was acting as an agent for White Buck. Mr. Wine's failure to conduct a preshift examination, as required by law, constituted a willful violation of 30 U.S.C. § 820(d) for which White Buck is criminally responsible. While there is evidence that similar violations occurred in the two months preceding June 27, the misconduct was an isolated, not systemic problem.

9.  On the night of June 27, 2002 and early in the morning of June 28, 2002, Mr. Wine, accompanied by the MSHA inspectors, conducted a thorough preshift examination of the mine. The results of the examination revealed that the mine was safe and that the condition of the mine was in compliance with federal law. No injuries resulted from the violation.

10. White Buck is a subsidiary of Massey Energy Company ("Massey"). There is no evidence to suggest that prior to being informed by MSHA officials after the investigation of June 27, 2002, Massey knew or had reason to know of, approved or acquiesced in, Mr. Wine's failure to conduct a preshift examination prior to the entry of miners into the mine.